UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Essie Edwards*

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

*New York State Unified Court System (OCA)*

_____

_____

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

## 12 CIV. 0046

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☑ Yes  ☐ No
*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

RECEIVED
JAN 03 2012
PRO SE OFFICE

## I.   Parties in this complaint:

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named.
Attach additional sheets of paper as necessary.

Plaintiff      Name   *Essie Edwards*
Street Address   *21 W. Mosholu Pkwy North apt 2A*
County, City   *Bronx*
State & Zip Code   *NY   10467*
Telephone Number   *718-515-4653*

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the
defendant(s) listed below are identical to those contained in the above caption.  Attach additional
sheets of paper as necessary.

Defendant      Name   *New York State Unified Court System (OCA)*
Street Address   *25 Beaver Street*
County, City   *New York*
State & Zip Code   *NY   10004*
Telephone Number   *212-428-2150*

C.   The address at which I sought employment or was employed by the defendant(s) is:

Employer   *Civil Court, Bronx Housing*
Street Address   *1118 Grand Concourse*
County, City   *Bronx*
State & Zip Code   *NY   10456*
Telephone Number   *718-466-3000/1*

## II.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were
discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts
to support those claims.  You may wish to include further details such as the names of other persons involved
in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as
necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____      Failure to hire me.

_____      Termination of my employment.

___✓___      Failure to promote me.

_____      Failure to accommodate my disability.

___✓___      Unequal terms and conditions of my employment.

✓    Retaliation.

✓    Other acts (specify): *Promotion, Job Assignment, Transfers*

**Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                      *Date(s)*

C.    I believe that defendant(s) (check one):

_____    is still committing these acts against me.

✓    is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my (check only those that apply and explain):

☑   race   *Black*      ☐   color _____

☐   gender/sex _____      ☐   religion_____

☐   national origin _____

☐   age.    My date of birth is _____    **(Give your date of birth only** *if you are asserting a claim of age discrimination.)*

☐   disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary):*

Defendant(s) offered no Rebuttal against my Charge filed with EEOC on 2/24/11

See attachments: Charge, Transfer requests Letters, And others documents in Support of my Charge.

**Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ 2/24/11 _____ (Date).

B.   The Equal Employment Opportunity Commission *(check one)*:

_____✓_____   has not issued a Notice of Right to Sue letter.

_____   issued a Notice of Right to Sue letter, which I received on __11/23/11__ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.   Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____   60 days or more have elapsed.

_____   less than 60 days have elapsed.

## IV.   Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: I pray that the Court grant maximum relief of Compensatory/Punitive damages, Loss of enjoyment of life, depression, Loss of Job Income, Anxiety/stress on heart/Loss of sleep *(Describe relief sought, including amount of damages, if any, and the basis for such relief.* $800,000.+ fell to be considerate in amount sorted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __3__ day of __January__, 2012

Signature of Plaintiff        *Emu Edwards*

Address        Q1 w Mosholu Pkwy North #9A
                Bronx, NY 10467
                _____
                _____

Telephone Number        718-515-4653

Fax Number *(if you have one)*   _____

December 2011

The facts of my case are as follows:

The defendant (Unified Court System (OCA) offer no rebuttal to my charge filed with EEOC on 2/24/11.

By being subjected to this matter it is still affecting my life, my kid's life, my health, my financial status I'm jobless at age 58 in this economic and I find myself not knowing how I am going to survive.

I was discriminated against because I am a black female who filed a prior suit against my white male boss (Clerk of County). My many request to be reassigned or reclassification were denied and I was held captive in a hostile environment while other white employees advanced with less seniority. I had to walk a thin line just to keep my job. The rules were different when it came to me.

The three white employees Ted Wind, Ann Marie Golden and Margaret McGillicuddy new with less seniority than I had in the system. They all joined me, Mr. Monastra and Mr. O'Hanlon in the administration staff, all three started as a grade 16 and got promoted shortly to a grade 21/higher and were transferred or reallocated frequently. They did not have to be referred to Alia Razzaq or Eddy Valdez (see attached letter dated 10/25/05). They were not subjected to a hostile environment because of a prior situation and was able to move through the system freely. They were given transfers / relocation without having to submit a written request. I on the other hand a prior CHARGE and really needed to be transferred to another office location away from Mr. Monastra, but my **many** requests were continuously denied or not honored. Instead I was reassigned back to the same floor as Monastra's office. (See charge)

Please see attached copy of 1)MY REQUEST FOR POSITION RECLASSIFICATION OR REALLOCATION DATED 3/08/05, plus addition pages, Letter dated 2/22/05. 2) Jack Baer letter dated 9/20/05, 3) a similar situated court employee's REQUEST FOR POSITION RECLASSIFICATION OR REALLOCATION dated 2/20/96 Azeeza Ayub, that was not deem inappropriate **as my request was** stated in Mr. Baer letter dated 9/20/05. In fact it was recommended by the Clerk of County.

Rather than transfer me out the defendant subjected me to years of bulling, retaliation, including supervisor yelling at me in front of other employees, On or about11/02/07 I was forced to speak to the supervising Judge, of Bronx Housing Court Hon. Jaya Madhavan to ask him to speak to the Ms. Razzaq, about twice yelling at me in the open office. He spoke to her. She stopped but told to monitor my every move. Then Mrs. Alexander (warrant supervisor) would  time me when I left my desk, I was the only employees subjected to that. The supervisors would not assigned anyone to my desk when I went on vacation over the years. My desk and chair would be piled with the backlog of cases (I have pictures), I would be monitored closely, yelled at to make sure I work continuously

to catch it up. I have carpal tunnel syndrome due to the continuous keying, but had to do the backlog without help. I have doctor's notes confirming damages to my hands. See attached.

*Rec'd 3/9/11*

**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TDD: 1-800-669-6820
Fax: (212) 336-3625
1-800-669-4000

Respondent: NEW YORK STATE UNIFIED COURT SYSTEM (OCA)
EEOC Charge No.: 520-2011-00603
FEPA Charge No.:

March 7, 2011

Essie Edwards
21 West Mosholu Parkway North
Apt. #2a
Bronx, NY 10467

Dear Ms. Edwards:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]      The Age Discrimination in Employment Act (ADEA)

[ ]      The Americans with Disabilities Act (ADA)

[ ]      The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X]      Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.
         New York State Division Of Human Rights
         Federal Contract Unit
         One Fordham Plaza, 4 Fl.
         Bronx, NY 10458

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

*KJB*

Kevin J. Berry
Deputy Director
(212) 336-3646

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 520-2011-00603 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Essie Edwards | (718) 515- 4653 | 02-15-1953 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 21 West Mosholu Parkway North, Apt. 2A | Bronx, NY 10467 | RECEIVED FEB 24 2011 EEOC-NYDO-CRTID |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| New York State Unified Court System (OCA) | 500+ | (412) 426-2150 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 25 Beaver Street | New York, NY 10004 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | | | | |

**DATE(S) DISCRIMINATION TOOK PLACE**

| Earliest | Latest |
|---|---|
| 2002 | 08-28-2010 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I, Essie Edwards (Black, Female), was employed by the New York State Unified Court System (NYS UCS) as an Office Typist to a Assistant Court Analyst from 6/83 to 8/27/2010. My work location was at Civil Court, Bronx Housing, 1118 Grand Concourse, Bronx, NY 10456.

I believe that my rights were violated due to the events that took place after I filed sexual harassment charges against the Clerk of the County, Joseph Monastra (White, Male), back in 2002. From 2005 until August 27, 2010 NYS UCS REASSIGNED me back to the same floor that Mr. Monastra's office was located. This was the same floor as the office I had been forced to vacate due to Mr. Monastra's sexual harassment. Worse yet, my desk was placed in a location where my face would be the first face he saw when he entered the office area. It was humiliating to me to have to look into his face at any time during my work day or watch other female employees occupy the office and use items that I had brought there to use. Being subjected to this kind of continuous humiliation seemed indicative of NYS UCS's attempts to get me to quit my job. I felt harassed, trapped, depressed, and humiliated on a daily basis.

I submitted several requests for transfers over the years, but all were denied. However, other similarly situated White coworkers of mine that were in unpleasant sexual, or otherwise uncomfortable, situations were granted transfers to other buildings or immediately separated from the unpleasant / uncomfortable environment, never to be returned or REASSIGNED back to where they transferred out of.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| 2/24/11 | *Essie Edwards* |
|---|---|
| Date | Charging Party Signature |

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

ASHRAF A. AHMED
Notary Public, State of New York
No. 01AH6043872
Qualified in Richmond County
Commission Expires Nov 15, 2011

2011

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE (*if additional paper is needed, attach extra sheet(s)*):

I, on the other hand, had to endure the stress and humiliation of working on the same floor as the person (the boss) that I had accused and filed a complaint against. I was ostracized and yelled at by supervisors who also over scrutinized my work. As a result, my performance evaluations were down graded and contradictory. I was not considered for promotional opportunities or advancement in my title, nor given a chance for a fresh start through a transfer. I watched other similarly situated White employees advance through tests or not. There were still other White employees who were new, or had less seniority than me, that got transferred frequently while my requests for transfer were denied.

I was subjected to a daily reminder that my 2002 complaint had made it impossible for me to move on and put the unpleasant experience behind me. Just when were my Civil Rights for a work place free of bias, humiliation, and retaliation supposed to take place. Ultimately, I felt that the situation at work gave me no option other than to take the retirement incentive. As a result, I retired as of August 27, 2010 to free myself from the discriminatory treatment.

I was discriminated against by NYS UCS because I am a Black female who filed a complaint against my White, male boss who felt he could do as he pleased and get away with it. I feel that a White female employee would not have been subjected to the kind of harassment I was subjected to for as long as I was. I was retaliated against for having complained by being subjected to a hostile work environment, denied transfers, and promotion opportunities, and ultimately forced into early retirement, all in violation Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2/24/11          *Ernie Edwards*<br>Date          *Charging Party Signature* | *Ernie Edwards*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

ASHRAF A. AHMED
Notary Public, State of New York
No. 01AH6043072
Qualified in Richmond County
Commission E---   May 15, 1997
2b/11

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

*Rec'd 11/23/11*

| To: | Essie Edwards<br>21 West Mosholu Parkway North<br>Apartment 2A<br>Bronx, NY 10467 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2011-00603 | Corrado Gigante,<br>Acting Deputy Director | (212) 336-3665 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

11/21/11

(Date Mailed)

Enclosures(s)

cc:    John J. Sullivan, Esq.
        Assistant Deputy Counsel
        State of New York
        Office of Court Administration
        Empire State Plaza
        4 ESP, Suite 2001
        Albany, NY 12223-1450

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

1C46731917 C030

Essie Edwards
21 West Mosholu Parkway North
Apartment 2A
Bronx, NY 10467

December 2011

The facts of my case are as follows:

The defendant (Unified Court System (OCA) offer **no rebuttal** to my charge filed with EEOC on 2/24/11. The defendant also had a **personal vendetta** against me. They should have reassign me or him immediately when the first charge of sexual harassment against Mr. Monastra became an issue.

By being subjected to this matter it is still affecting my life, my kid's life, my health, my financial status I'm jobless at age 58 in this economy. I find myself not knowing how I am going to survive. I am looking for employment.

I was discriminated against because I am a black female who filed a prior suit against my white male boss (Clerk of County). My many request to be reassigned or reclassification were denied and I was held captive in a hostile environment while I watched white employees advanced with less seniority. I had to walk a thin line just to keep my job. The rules were different when it came to me.

The three white employees Ted Wind, Ann Marie Golden and Margaret McGillicuddy were new with less seniority than I had in the system. They all joined me, Mr. Monastra and Mr. O'Hanlon in the administration staff, all three started as a grade 16 and got promoted shortly to a grade 21/higher and were transferred or reallocated frequently. They did not have to be referred to Alia Razzaq or Eddy Valdez (see attached letter dated 10/25/05). They were not subjected to a hostile environment because of a prior situation and was able to move through the system freely. They were given transfers / relocation without having to submit a written request. I on the other hand a prior CHARGE and really needed to be transferred to another office location away from Mr. Monastra control, but my **many** requests were continuously denied or not honored. Instead I was reassigned back to the same floor as Monastra's office. (See charge) After I was told by Pat Marino, Personnel that it was Monastra's decision concerning me being transferred or not. She also stated that he did not want me transferred. It's apparent that I was held back in promotions, upgrades, salary, transfers to punish.

Please see attached copy of 1)MY REQUEST FOR POSITION RECLASSIFICATION OR REALLOCATION DATED 3/08/05, plus addition pages, Letter dated 2/22/05. 2) Jack Baer letter dated 9/20/05, 3) a similar situated court employee's REQUEST FOR POSITION RECLASSIFICATION OR REALLOCATION dated 2/20/96 Azeeza Ayub, that was not deem inappropriate **as my request was** stated in Mr. Baer letter dated 9/20/05. In fact it was recommended by the Clerk of County.

Rather than transfer me out the defendant subjected me to years of bulling, retaliation, including supervisor yelling at me in front of other employees, On or about11/02/07 I was forced to speak to the supervising Judge, of Bronx Housing Court Hon. Jaya Madhavan to ask him to speak to the Ms. Razzaq, about twice yelling at me in the open office. He

spoke to her. She stopped but told other supervisors to monitor my every move.  Then Mrs. Alexander (warrant supervisor) would  time me when I left my desk, I was the only employees subjected to that. The supervisors would not assigned anyone to my desk when I went on vacation over the years. My desk and chair would be piled with the backlog of cases (I have pictures), I would be monitored closely, yelled at to make sure I work continuously to catch it up. I have carpal tunnel syndrome due to the continuous keying, but had to do the backlog without help. I have doctor's notes confirming damages to my hands. See attachments.

Essie Edwards

LAW OFFICE OF BARRY E. JANAY

Barry E. Janay, Principal
Steven Masur, Esq.*+
John J. Zidziunas, Esq.*†
Joseph B. Maira, Esq.*†
+ Of Counsel.
*Member of NJ Bar.

**Headquarters:+**
5C Broad Street
Twenty-fifth Floor
New York, NY 10004
Tel: 646-652-6206
Fax: 646-478-9204
email: inquiries@lobej.com
+Reply to address.

**Satellite Offices:**
Union Square Office:
101 E. 15th St.
Second Floor
New York, NY 10003

**Westchester Office:**
111 Boulder Ridge Rd.
Scarsdale, NY 10583

**New Jersey Office:**
33 Plymouth Street
Suite 202A
Montclair, NJ 07042

December 8, 2011

**VIA FIRST CLASS MAIL**

Essie M. Edwards
21 W. Moshulu Pkwy N, Apt. 2a
Bronx, NY 10467-1917

Re:   <u>Your Request for Legal Representation</u>

Dear Ms. Edwards:

Having carefully considered your matter, I write to inform you that neither I nor Scott A. Korenbaum, Esq. is in a position to represent you in an action that you wish to pursue against the Office of Court Administration.  While we are not in a position to represent you, I suggest that you contact the Legal Referral Service of the New York City Bar Association (212-626-7373) to find an attorney who may be available to represent you.  I remind you that, having received a Right to Sue Letter, you must start a lawsuit within 90 days in order to protect your rights under Title VII of the Civi9l Rights Act of 1964, as amended.

I wish you the best of luck in the future.

Very truly yours,

Barry E. Janay

BEJ:bej

cc: Scott A. Korenbaum, Esq. (by e-mail)

MARC ORGEL, M.D.
MMG - Grand Concourse

2532 Grand Concourse
Bronx, New York 10458
718-960-1537

MONTEFIORE

07/25/07

To Whom It May Concern,

Essie Edwards has a diagnosis of osteoarthritis syndrome both knees, the prognosis is guarded. Prolonged or excessive data only can aggravate her condition.

Sincerely,
[signature]

E44741
MARC ORGEL, M.D.
2532 Grand Concourse
Bronx, New York 10458
718-960-1537 Phone
718-960-2179 Fax

**Subject:**  RE: confirming non-representation

**From:**  .  Barry E. Janay, Esq. (bjanay@ricksteinerlaw.com)

**To:**  essieedwards50@yahoo.com;

**Date:**  Tuesday, December 13, 2011 8:57 AM

Essie,

I'm sorry, that was not my intention. I do encourage you to reach out to other attorneys who may be more willing to assist you.

Regards,

Barry Janay

Barry Janay, Esq., Senior Counsel
Rick Steiner Fell & Benowitz, LLP
90 Broad Street
25th Floor
New York, New York 10004
Tel: 212-422-0488

Direct Tel: 646-535-2629

Fax: 646-478-9204
E-mail:bjanay@ricksteinerlaw.com

*****PRIVILEGE AND CONFIDENTIALITY NOTICE*****

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination. distribution or copying of this communication is prohibited. If you have received this communication in error, please notify the sender immediately by reply to this e-mail or call (212) 422-0488. Thank you.

**From:** Essie Edwards [mailto:essieedwards50@yahoo.com]
**Sent:** Monday, December 12, 2011 4:35 PM
**To:** BJanay@RickSteinerlaw.com
**Cc:** Essie Edwards
**Subject:** confirming non-representation

Mr. Janay, on December 8, 2011 after the 3-way conference call involving you, me and Mr. Korenbaum, I lost my concentration because of an uneasy feeling I got while talking to him. Sure enough a few minutes later with a call back call stating neither you nor Mr. Korenbaum would represent me. Then on December 10, 2011, I received a letter via first class mail also informing me that you nor Scott A Korenbaum, Esq. is in a position to represent me. Then the De'Ja'Vu moment hit me. **Real or hypothetically** I went through this on my prior charge with you & Mr. Korenbaum. I file a charge with EEOC. My charge is processed through their lengthy procedures, it is returned to me with a Notice of Rights to Suit. Then I get referred to Legal referral Services. The attorney just happen to be you again. At first you eagerly accepts the charge, giving me false hope, telling me everything looks good. Then all of a sudden you need to get advice from a more experience attorney(Mr.Korenbaum). His purpose is unclear since you are the referee, but nevertheless the results with him have been the same. I end up with a refusal to represent me against the Unified Court System. "If the charges were frivolous it would not have gotten through EEOC and the employer without a strong rebuttal. I certainly would have appreciated not going through that again. It is a very hurtful thing to do to someone in dire need of help.

October 31, 2002

Essie Edwards
21 West Mosholu Pkwy
Bronx, NY 10467

Dear Ms. Edwards:

Your request for an unforeseeable financial hardship withdrawal of Deferred Compensation Plan funds has been received and reviewed by the Review Committee.

In accordance with the terms and conditions of Internal Revenue Code Section 457, and based on the nature of your request, it has been determined that your circumstances may qualify as an unforeseeable financial hardship if you can provide the following:

Copy of attorney fee bills.

While we cannot guarantee that the submission of the above will cause the situation to qualify for withdrawal, it will cause a second review of your request.  In the event that we do not receive this additional documentation from you within 30 days, we will assume you do not wish to pursue this matter and will close our files on this request.

We thank you for your participation in the Plan and invite you to cal our HELPLINE at 1-800-422-8463 if you have any questions on the above or the Plan in general.

Sincerely,

Jill Lombard
New York State
Deferred Compensation Plan

STATE OF NEW YORK, UNIFIED COURT SYSTEM
OFFICE OF COURT ADMINISTRATION
PERSONNEL OFFICE, NEW YORK CITY COURTS
25 BEAVER STREET, ROOM 1128
NEW YORK, NY 10004

## Application for Voluntary Transfer and/or Reassignment
### (New York City)

To be completed by applicant (please print):

Name: _Essie Edwards_   Title: _Asst. Court Analyst_

Home Address: _21 W Mosholu Pkwy North #2A_   _Bx_
(Street)   (City)

_NY_   _10467_   Daytime Phone #: _718-466-3004_   SS #: _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_
(State)   (Zip Code)

Present Assignment: _Bronx Housing Court_   Status: _____
(Court/Court Agency/Location)

Requested Assignment: _Criminal Court, Bx NY._
(Court/Court Agency/Location)

Signature: _Essie Edwards_   Date: _10/26/06_

Upon completing the above, please submit this form to the Chief Clerk/County Clerk of the Court or Court Agency to which you are presently assigned.

To be completed by Chief Clerk/County Clerk:

I [ ✓ ] approve [  ] disapprove this request. (Requests which are approved will become effective no sooner than two weeks from the date below. If request is disapproved, please indicate reason below.)

Signature _____   Date: _10/27/06_
(Chief Clerk/County Clerk)

This form should be completed and forwarded to Virginia Lynch, at the above address. Individuals who are reassigned within New York City must complete at least one year in their new assignment before they can be reassigned again. This form should not be used to request reassignment within a Court or Court Agency. It is to be used to request reassignment from one Court/Court Agency to another.

Civil Court
of the
City of New York



**JACK BAER**
**CHIEF CLERK**

111 CENTRE STREET
NEW YORK, NEW YORK 10013

September 20, 2005

Ms. Essie Edwards
21 West Moshulu Parkway North
Apartment 2D
Bronx, New York 10467

Dear Ms. Edwards:

In response to your request for a reclassification of your line from an Assistant Court Analyst, JG-16 to Senior Court Analyst, JG-21, I wish to advise you that the Office of Court Administration has deemed it inappropriate.

The title standard for the requested title states: "Under supervision, Senior Court Analysts work individually or as team leaders, on projects that involve research and confidential analysis, planning and other related work in one or more of the following areas: budget development and court finance; personnel administration; resource allocation; and court system management and administration. As team leaders, Senior Court Analysts supervise Junior Court Analyst and Court Analyst assigned to field or research projects of narrow scope."

Duties which you listed such as, filing and posting job announcements and receiving and reviewing daily deposits from Small Claims, General Clerk's and Landlord and Tenant Units including counting money, reviewing checks and entering information into the appropriate ledger are appropriate to the current Assistant Court Analyst (JG-16) title. However, it is my understanding that you have not been performing those duties for about five years.

Therefore, your request was deemed inappropriate.

Very truly yours,

Jack Baer
Chief Clerk

JB:pm:lp

Civil Court
of the
City of New York

JACK BAER
CHIEF CLERK

111 CENTRE STREET
NEW YORK, NEW YORK 10013

10467419 17-24 C030

Ms. Essie Edwards
21 West Moshulu Parkway North
Apartment 2D
Bronx, New York 10467

October 20, 2005

Mr. Desmond O'Hanlon
Asst. Deputy Clerk of the County
1118 Grand Concourse
Bronx, NY  10467

Mr. O'Hanlon:

My interest at present is in the commercial office at 851 Grand Concourse.

If a replacement in part 52 is ever needed I would like to be considered for that area.

Please notify me of any vacancies that might be of interest to me in that building.  I

would appreciate a position that is outline in my job description.

Thank you,

Essie Edwards
Assistant Court Analyst



**CIVIL COURT OF THE CITY OF NEW YORK**
851 GRAND CONCOURSE
BRONX, N.Y. 10451

**JOSEPH MONASTRA**
**CLERK OF COUNTY**

**DESMOND O'HANLON**
**DEPUTY CLERK OF COUNTY**

October 25, 2005

Essie Edwards
Assistant Court Analyst
Housing Court
1118 Grand Concourse
Bronx, New York 10456

Ms. Edwards:

I am in receipt of your letter dated October 20, 2005, requesting a reassignment to 851 Grand Concourse.  Please be advised that at the present time there are no vacancies in the Commercial Part ( Part 52 ) at 851 Grand Concourse.  Copies of your letter will be given to the Civil and Housing Court supervisors.

For updates on future vacancies please contact either Eddy Valdez or Alia Razzaq at their respective sites.

Yours truly,

Desmond O'Hanlon

c: Eddy Valdez
   Alia Razzaq

Desmond O'Hanlon
**CIVIL COURT OF THE CITY OF NEW YORK**
**BRONX HOUSING COURT**
**1118 GRAND CONCOURSE**
**BRONX, NY 10456**

Essie Edwards
Assistant Court Analyst
Bronx Housing Court
1118 Grand Concourse
Bronx, New York 10456

**STATE OF NEW YORK**
**CIVIL COURT OF CITY OF NEW YORK**
**111 CENTRE STREET - ROOM 836**
**ADMINISTRATION OFFICE**
**(212) 374-8027/8**

**MEMORANDUM** 3/2/05

TO: Essie Edwards
FROM: Pat Marino

[X] PLEASE HANDLE          [ ] FILE

[ ] COMMENT & RETURN     [X] FOR YOUR INFORMATION

Enclosed please find form that you requested. Submit to Jack Baer.

Also are you interested in staying in Bronx County or do you want a reassignment to another County?

UCS-3 (Revised 2/88)

| LOG # |
| FOR OCA USE |

## STATE OF NEW YORK
## UNIFIED COURT SYSTEM
## OFFICE OF PERSONNEL

### REQUEST FOR POSITION RECLASSIFICATION OR REALLOCATION

---

### TO BE COMPLETED BY APPLICANT
#### (Please Print or Type)

---

| 1 LAST NAME | FIRST NAME | INITIAL | 2 LINE # |
|---|---|---|---|
| Edwards | Essie | | 71277 |

SOCIAL SECURITY #

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

| 3 COURT OR AGENCY | 4 SECTION, UNIT OR PART (Specify) |
|---|---|
| Civil Court | Data Entry |

| 5 WORK ADDRESS (Include Building & Room) | 6 SUPERVISOR'S NAME & TITLE |
|---|---|
| 1118 Grand Concourse - ground Floor Bronx, NY. 10457 | Alia Razzaq, ADCC |
| | 7 SUPERVISOR'S TEL. # |
| | 718-466-3025 |

| 8 PRESENT TITLE | SALARY GRADE | JURISDICTIONAL CLASSIFICATION |
|---|---|---|
| Assistant Court Analyst | JG-16 | Non- Competitive Confidential |

| 9 REQUESTED TITLE | SALARY GRADE | JURISDICTIONAL CLASSIFICATION |
|---|---|---|
| Senior Court Analyst | JG-21 | Non- Competitive Confidential |

---

10   INDICATE THOSE POSITIONS WHICH YOU SUPERVISE.

| Title of Position | Name of Incumbent | Nature of Supervision (See Instructions) |
|---|---|---|
| The positions that I worked with were equal too, or higher in grade. They didn't require any supervision other than that of the Clerk of County or his Deputy. | | |

---

11   INDICATE THOSE POSITIONS WHICH YOU BELIEVE PERFORM THE SAME KIND AND LEVEL OF WORK AS YOU PERFORM.

| Title of Position | Location | Name Of Incumbent |
|---|---|---|
| Sr. Court Clerk | Admin. ofc 1118 Gr Conc | A. Golden |
| Sr. Court Clerk | Admin ofc 851 Gr Conc | M. McGilliauddy |
| Sr. Court Clerk | Admin ofc Both Location | Ted Wind |

-1-

12      DESCRIPTION OF DUTIES:  Describe your work in sufficient detail to give a clear word picture of your job.  Describe your duties in order of importance.  Use separate paragraphs for each kind of work.  The duties should be described as performed by you and not be abstracted from the title standard.  A request which contains language directly from the title standard will be returned for specific detail of the duties of the position under review.  You should indicate WHAT is done, TO WHOM or to WHAT, HOW, and for what PURPOSE.  (For example, accepts and examines court documents such as motions, orders, order framing issue, and petitions, applications, subpoena duces tecum, etc., to ensure their accuracy, completeness, and legal sufficiency in accordance with applicable rules and statutes.)  Be specific and detailed as possible.  In the column at the left, estimate the percentage of total working time devoted to each duty.  Attach additional sheets as necessary.

| % | |
|---|---|
| | *SEE Attached* |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

13      Give the reasons for believing that the salary grade or jurisdictional classification requested in question number 9 is more appropriate than your present salary grade or jurisdictional classified.

*(See Letter dated 2/22/05) In addition, given a fair opportunity I have Confident in my abilities to accomplish any task assigned to me.*

IF THE POSITION YOU ARE REQUESTING TO BE REVIEWED IS RECLASSIFIED TO A COMPETITIVE CLASS TITLE, YOU WILL NOT AUTOMATICALLY ACQUIRE PERMANENT STATUS IN THAT TITLE.  THE RECLASSIFIED POSITION WILL BE FILLED FROM AN EXISTING APPROPRIATE ELIGIBLE LIST OR, IF NO SUCH LIST IS IN EXISTENCE, A NEW EXAMINATION WILL BE HELD.  THE FACT THAT YOU ARE ON SUCH AN ELIGIBLE LIST DOES NOT AUTOMATICALLY ENTITLE YOU THAT TITLE UNLESS YOU ARE REACHABLE ON THE LIST AND THE APPOINTING AUTHORITY IS WILLING TO MAKE THE APPOINTMENT AFTER THE CHANGE IN THE TITLE IS APPROVED.

14.      I affirm that the information supplied in this request is correct and complete to the best of my knowledge.

*3/ 8/05*
Date

*Emil Edwards*
Signature of Applicant

(1)   Complete all questions in this section, giving reasons for your answers in as much detail as possible.
(2)   Attach an organization chart of the unit to which this position is assigned; this chart should show titles of all positions; the unit with a brief description of the functions (i.e., intake; docketing; security) of each position or group of positions; the incumbent's position should be designated by an asterisk (*).  The chart should also show the relationship of this unit to the rest of the court or agency.  Attach additional sheets as necessary.

15   From the instructions on page 1 select the appropriate degree of supervision you exercise over this position.  Include example to support your selection.

*Please Refer back to #10 on this Application. I havent been alloted An opportunity to Supervise.*

16   How long have the current duties been assigned to this position?  Why were the duties assigned to this position?  What is the title of the position that performed these duties previously?

*my Current duties were assigned previously to Jim Delaney. And Bonnie O'Rouke, Prior to my assignment in 2002. The duties Are Assigned by Clerk of County. They were assigned to an ACC And SCC.*

17   How do the duties and responsibilities of this position differ from similarly situated positions under your supervision?  Why do you feel these differences justify reclassification of this position and not the other?

*SEE LETTER dated 2/22/05*

18   Do you supervise other positions in the title being requested? _____ yes   ✓ no.  If yes, could the higher level duties indicated to justify this request be reassigned to other positions in an appropriate title?  Describe any other actions which you considered as an alternative to assigning these higher level duties to this position and the reason(s) for rejecting these alternatives.

19   Do you support this request? Why?

Yes, because the title and salary grade are appropriate according to the Title Standards for non-judicial personnel.

20   I HAVE EXAMINED THE INFORMATION PROVIDED BY THE APPLICANT AND HAVE NO CORRECTIONS, ADDITIONS, OR COMMENTS EXCEPT AS HERE STATED OR ATTACHED.  I AM SATISFIED TO HAVE THE POSITION CLASSIFIED ON THE BASIS OF THE INFORMATION GIVEN AND HAVE ATTACHED AN ORGANIZATION CHART OF THE UNIT TO WHICH THIS POSITION IS ASSIGNED.

Date:   March 2, 2005                          Supervisor's Name  _____

                                                                Jack Baer

        _____

        Administrative Judge Fern Fisher

                                          Signature:  _____

                                                                Chief Clerk VII

                                             Title:  _____

**ESSIE EDWARDS**

LIST OF DUTIES PERFORMED:

1.  <u>TIME AND LEAVE</u>:   For all non-judicial personnel assign to Civil Court Bronx County. The books are promptly pick up noting all lateness or time charged.  At the end of the payroll period the sheets are computed, signed by the Clerk of County or Deputy Clerk of County balances are put on the updated time sheets, then all sheets are alphbetized, copied and original forwarded to payroll. A copy is filed  in this  office and a copy is personally handed to employees.

<u>MAINTAIN OVER TIME RECORDS</u>:   The forms are checked against time sheets for accuracy signed and forwarded to payroll. After payroll reviewed and send a corrected sheet time is updated of prior employee's time sheet.

<u>PUBLIC INQUIRES</u>:   Telephone calls coming into the office are referred to appropriate personnel if I  cannot provide the pertinent information required. I am knowledgeable of most precedures and able to assist most callers. Written correspondence is limited to interoffice memorandums and brief letters to personnel.

<u>PREPARTION OF STATISTICS</u>:   At the end of each term, I received forms JC158-169 statistics from all functions of Civil Court, review for accuracy. A cover sheet is done which involve totaling all cases on jury or non-jury calendars Civil or Housing Cases. A copy is maintain and original is forwarded to Administration.

<u>POST JOB ANNOUNCEMENTS</u>:   File a copy of job announcement, post for public use, also have UCS-5 applications available. Job or Test announcements are also posted in the  office for court personnel.

<u>ORDER AND DISTRIBUTION OF SUPPLIES</u>:   All orders from judges, clerks and other court personnel are combine and place on a requisition form to be processed at 111 Centre Street.  When same is returned to me I am directly responsible for distribution.

<u>KEEP RECORDS OF INCIDENT REPORTS FILED</u>: Copies of  incident reports are received and filed. Copies are forwarded to appropriate parties: Judge Bernheim, Mr. Jack Baer, and Chief Clerk William Gallagher at 270 Broadway NYC 10013.

<u>MAINTAIN BANK STATEMENT FOR BRONX CIVIL COURT</u>: Daily deposits from Small Claims, General Clerks, Landlord & Tenant and  Trial De Nova, and on occasion our Trust Fund Account are  reviewed and recorded as they are received in this office. This requires counting money, perusing checks to make sure they are drawn on proper parties. A separate ledger is kept for each sections daily deposit which enable an accuracy account of all monies received to compare with the statement.

<u>Summer Youth:</u>  Assigned and supervised summer youths, maintain timecards, completed evaluation reports, forward to the appropriate agency.

<u>Data Entry:</u>  Accept and examines warrants to ensure all have Judge's signature, dated and stamped.  Enter into the computer, sealed and place in the marshal's box.  File folders are stamped warrant issued, put in numerical order, filed or put on the cart to be filed.

<u>Motions:</u>   Fill in for the motion clerk.  Examine motions for accuracy, enter into computer staple decision printouts to motions, pull files, writes court date on file folder. Placed in the appropriate tray for part clerks to pick up.

<u>Labeling:</u>  I assist in labeling cases, picking up work from someone else's desk. Placing labels on the file folders, inserting petitions into folders, placing files on the shelf.

February 22, 2005

Mr. Joseph Monastra
Bronx Housing Court
1118 Grand Concourse
Bronx, NY 10456

Mr. Monastra, et al:

I have been disappointed once again for not making the current Senior Court Clerk list. I tried my best while also dealing with other distractive matters that ran simultansously with the last two tests. The results have been the same for me. Passing this test would have been an opportunity for me to further my career goals. I would have like to start anew, possibly in another court.

My goal was to **be at least a** grade 21 by now **with positive prosperity**. Unfortunately with continious obstacles, I haven't reached my goal. Therefore, in an attempt to recoup from this disadvantage I am requesting to be upgraded (reclassified) from an Assistant Court Analyst grade 16, to a Senior Court Analyst grade 21. If this request is honored, please have the necessary forms send to me to complete.

Thank you,

Essie Edwards
Assistant Court Analyst

cc
Hon. Fisher
Hon. Douglas
Hon. Sherman
Mr. Baer

January 11, 2011

Equal Employment Opportunity Commission
(EEOC)
33 Whitehall Street
New York, NY 10004-2112

My name is Essie Edwards.  I live at 21 West Mosholu Parkway North, Apt. 2A, Bronx, New York 10467. My Phone # is 718-515-4653.

I was employed by the State of New York UNIFIED COURT SYSTEM (OCA) located at 25 Beaver Street New York, NY 10004 - Phone # (212)428-2150.

My work location was Civil Court, Bronx Housing 1118 Grand Concourse, Bronx NY 10456. Phone # (718)466-3000/5. • Not sure of number of employees.

**Charging party's (your) relevant work history with this company:**
- I graduated from High School receiving a diploma in 1971. I attended business education classes receiving certificates in years that followed. In June 1983 I acquired my first position in **Bronx** Housing Court, as a Office Typist (GD-4), then on a promotional test I became a Senior Office Assistant (GD-8). I worked in the Order to show Cause Housing area, Small Claims, Motion, Administration Office, Resource Center and Warrant Department. My final title was a Assistant Court Analyst which was suppose to be for duties in the Administration Office. After being forced out of the Administration Office I ended up in the Warrant Department.  My job duties were data entry.  I would received default warrants totaling anywhere from about 30 to 100 warrants from each of the 14 Housing Parts after the judge signed them.  I had to enter all Dispositions whether to issue a warrant or the warrant request was denied into the computer. On the issued Warrants, I had check for errors then print the warrant, seal it, then put it in the marshal's or sheriff's boxes. No one was assigned to my desk when I went on vacation. I had to do the backlog of work when I returned. I had carpal Tunnel syndrome and returning from vacation to keying large backlog always results in extreme pain for me. I  File a worker Compensation case. I was granted money for damages to my hands and body. I had to endure this treatment all the years until I retired in 2010. I can get my medical records to verified the physical therapy that I had over the years.

**Personal Harm:**  I was reassigned by (Ass. Dep. Chief Clerk, Alia Razzaq)  in 2005 which lasted to August 27, 2010 to the same floor as Mr. Monastra's office and the Office that I had to vacate. She made several trips to my desk yelling at me, telling me that my hours are "9-5"-(I get one hour lunch and that all).  Alone with other insults because she saw me looking into a mirror. She instructed other supervisors to carry out the retaliation, and any attempt to humiliated me. Melinda Alexander timed me every time I left my desk. She would call me on the phone and tell me to come back to my desk. No other employee in there had to go through that or a certain time to be back at their desk. I went to Judge Madhaven in 2007 and asked him to speak to Alia Razzaq on the last time  she had yelled at me  in the open office in front of others employee. One witness  who would not possibly  be afraid to say so is (Ray Sacks, ACC).  **I suffered  and still is suffering mental distress, lack of sleep, depression that effected my private life as well as the my health. I suffered carpal tunnel, neck pain, back pain and mental anguish in dealing with all I was put through in order to keep my job.**  In addition to the doctors, physical therapy and psychologist appointments court appointment the stress was unbearable.. I suffered loss of sick time, Loss of money from my 401k funds in order to sue Monastra along with the continuous personal attacks by supervisors until I left. The more recent of the harassment that lead into 2010 were by Supervisor of  Housing Lydia Grima who told Millie Velez to give me a  low performance evaluation report and Millie Velez , Supervisor of warrants. Millie would change/alter the Marshal's requisitions in their favor. She would not initial the changes she made  several cases were brought back  to me and I was questioned about the changes because I was the one who entered the defaults warrants. I brought it to the all the supervisors attentions  and got no results. So once again I went to Judge Madhaven in 2010 for a

resolution.  I have certain cases numbers/letter to the Judge documented as proof.  I am still afraid that if someone  later get evicted on a case  that Millie changed the  marshal's requisition the blame will be directed at me.

**Respondent's (Employer's ) reasons:**   I have requested to be reassigned to another Courts over the years. I have been told by Alia Razzaq, and Desi O'Hanlon  to call the Civil Court or Small Claim clerks (Eddy Valdez or Charles Lopez to find out if there were any positions that I would be able to transfer to and each one would tell me no. I call personnel spoke to Pat Marino, she finally told me that it was not necessary for me to call the courts because it would Mr. Monastra's decision whether I get a transfer or not. That's when it occurred to me that I had been given the run around. I felt harassed , trapped, depressed, humiliated every day. My transfers requests were not honored, there were others co-workers that were in unpleasant sexual or otherwise situation.  They were **transferred** to other buildings or separated immediately never to work together  or on the same floor again.  I had to endure the long term stress, humiliating  of working on the same floor  as the person (the Boss) that I sued.  The employers policies claims that they are an equal opportunity employer, women. Minorities, and individuals with disabilities and there is a zero tolerance of sexual/ unfairness in the work place. For the last  years I have been subjected to all types of discrimination.

**Charging Party's (your) rational basis for believing there was discrimination:**
I believed that my Civil Rights were violated because of the events that took place after I filed sexual harassment charges against the Clerk of the County, Joseph Monastra  back in 2002.  In 2005  (until August 27, 2010) they **REASSIGNED** me back to the same floor that  Mr. Monastra's office was located. My desk was situated whereas my face was the first face he would  see when he enters.   I was also on the same floor as the office that I was forced to vacate because of Mr. Monastra 's  sexual harassment. You know how humiliating it was to look into his face at any time during the day or watched  a white female (Margaret McGillicuddy), other female employees  occupy the office and use items that I had brought there to use. With this kind of continuous retaliatory  harassment in my face every day I felt that it was an attempt to humiliate me into quitting  my job.

 I was yelled at and ostracized by supervisors.  I was scrutinized,  the supervisors (Melinda Alexander more recently in 2010 Millie Velez) would timed me when I left my desk.  My performance  evaluations were down graded and contradictory.  My time & leave was scrutinized and reflected in my evaluation. I received **no promotions** or **advancement** in my title or a **chance for new start if transferred.  I watched others advance whether by test or not. There were new employees or others with less seniority who got transferred frequently.**  I was trapped cause every time I complained it was referred to Mr. Monastra and I got not results unless I took it over his head to the Administrator Judge Madhaven. I was forced to several times.

**Comparators names, titles, and how similarly situated:**
Margaret McGillicuddy, white Irish female, Senior Court Clerk - was given the Administration office, my desk when she entered the office staff over me.  I had previously denied and had  been place in a  area outside Monastra's Office to accommodate a Ted Wind,  (white, Jewish) another new Senior Court Clerk, who had got preference over me. I had more seniority  then both.  Margaret was new in the system about two years compared to my 23 years.   Ann Marie Golden, Sr. Court Clerk given preference over me because she is the wife of a Joe Monastra's friend.  She advanced fast through the system because of who she knew.

**Witness identification:   Judge Madhavan –** I made a complaint against Alia Razzaq, because she kept yelling, humiliating me over a two year period of time  in the open office.  I feel that she was assigned in Bronx Housing Court to get rid of me She had success in getting rid of other employees.  She made so many attempts to entice but somehow  I manage to not get caught in her traps.  It got to the point that I could not take her abuse of power any more so I spoke to Judge Madhavan.  The result was he spoke to her.   After he spoke to her, she tried to be more pleasant to me but the damage was done. On  another situation on 7/2/10 I was forced to speak to Judge concerning Millie Velez changing the Marshal's requisitions and directing the blame toward me.  **Judge Laura Douglas** was informed and had personal knowledge  of my case from the beginning until I left. She was considerate and always asked me how I was doing.  **Vincent Durso,** Retired Housing Court Supervisor -had personal knowledge of my situation at the beginning to he retired. He made some attempts to assist me but he informed me that his hand were tired

because he could not go over Joe Monastra's head because he was his boss also. Alia Razzaq Housing Court Supervisor- had personal knowledge of my case she tried every way possible to humiliate me and benefit through political politic in the Court System to farther her career. She denied transferring me out of that situation yet found the need to put me on the same floor as the person that I filed a sexual harassment case against. Pat Marino, personnel - Had personal knowledge of the case. When I called her for assistance she would call Monastra and etal to seek their advice on what she should tell me. But she finally told me that it was Monastra's decision to have me transferred out of Housing Court. He didn't want me transferred. Fran Stahl, attorney- help me with letter writing in responding to this problem. **Juliet Kinloch**, Court Assistant- observed how I was unfairly treated my final days in the court system. She witnessed the treatment concerning my performance evaluation, the timing me when I left my desk....The way I was treated by (Lydia Grima) all supervisors in the warrants department that continued until I felt force to retire. **Jessica Diaz**, Asst. Court Analyst -same a Juliet Kinloch above. Ray Sacks, Assoc. Court Clerk-witness the unfairness that I received working in the warrant department.

I couldn't move on or put this unpleasant situation behind me because of being reminded every day. It was humiliating when I came face to face with Mr. Monastra. Just when were my "Civil Rights" for a work place free of bias, **continuous retaliation,** humiliation was supposed to have taken place. Due to the situation I felt it necessary to take the retirement incentive. I have retired as of August 28, 2010 to free myself from the discriminatory treatment.

I believed that I was discriminated against because I am a black female. I sued a white male, the Clerk of the County who felt that he could do as he please to me and get away with it. I feel that he thought that I would not fight for my civil rights. I also feel that a white female employee would not have been subjected to this kind of harassment in front of all the employees for this long.

*Essie Edwards*

Essie Edwards

S-3 (Revised 2/88)



LOG #
FOR OCA USE

### STATE OF NEW YORK
### UNIFIED COURT SYSTEM
### OFFICE OF PERSONNEL

## REQUEST FOR POSITION RECLASSIFICATION OR REALLOCATION

### TO BE COMPLETED BY APPLICANT
(Please Print or Type)

| LAST NAME | FIRST NAME | INITIAL | 2. | LINE # |
|---|---|---|---|---|
| AYUB | AZEEZA | | | 62301 |

SOCIAL SECURITY #
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

COURT OR AGENCY
N.Y.C. Civil Court

4. SECTION, UNIT OR PART (Specify)
Clerk of County Office

WORK ADDRESS (Include Building & Room)
111 Centre Street,   Room 936
New York, N. Y.

6. SUPERVISOR'S NAME & TITLE
Mary Lee Andronaco - Clerk of County

7. SUPERVISOR'S TEL. #
(212 ) 374-3034/5

| PRESENT TITLE | SALARY GRADE | JURISDICTIONAL CLASSIFICATION |
|---|---|---|
| Jr. Court Analyst | JG 12 | Non-Competitive |
| REQUESTED TITLE | SALARY GRADE | JURISDICTIONAL CLASSIFICATION |
| Court Analyst | JG 18 | Non-Competitive |

INDICATE THOSE POSITIONS WHICH YOU SUPERVISE.

| Title of Position | Name of Incumbent | Nature of Supervision (See Instructions) |
|---|---|---|
| Permanent Court Interpreters | 9 | Direct |
| Per Diem Court Interpreters | 5 | Direct |
| Court Assistant | 1 | General |

INDICATE THOSE POSITIONS WHICH YOU BELIEVE PERFORM THE SAME KIND AND LEVEL OF WORK AS YOU PERFORM.

| Title | Location | Name of incumbent |
|---|---|---|
| Sr. Court Clerk | Kings County Civil Court | Robert Feuer |
| Sr. Court Clerk | Queens County Civil Court | Helen Wilson |

— 1 —

RIPTION OF DUTIES: Describe your work in sufficient detail to give a clear word picture of your job. Describe your duties in .portance. Use separate paragraphs for each kind of work. The duties should be described as performed by you and not be ab-.om the title standard. A request which contains language directly from the title standard will be returned for specific details of the the position under review. You should indicate WHAT is done, TO WHOM or to WHAT, HOW, and for what PURPOSE. .mple, accepts' and examines court documents such as motions, orders, order framing issue, and petitions, applications, subpoena duces etc., to ensure their accuracy, completeness, and legal sufficiency in accordance with applicable rules and statues.) Be specific and detailed .sible. In the column at the left, estimate the percentage of total working time devoted to each duty. Attach additional sheets as necessary.

| % | | Oversight |
|---|---|---|
| | . | New York county Civil Court Unit Office Manager responsible for the smooth flow of all departmental clerical & secretarial tasks.  Some of these tasks include: |
| 50% | | Training personnel; General Typing; Billings; Telecommunications; telephones & reception; Central File Maintenance.  Includes employee evaluations, time & leave records, public letters; caseload activity reports & case record retrieval. Equipment & Supply Requisitioning; Maintenance of the Employment & General Information Directories; Processing requests for janitorial services; Maintenance of the elevator key program; Manages the county's "help desk"; Contact point for judicial scheduling;  Administers the "walk up" photocopier program.; Supervises Replacement Personnel (i.e. Court Ass't). |
| 50% | I | Administers the Court Interpreter program for the New York County Civil Court which includes but is not limited to the following:  Supervision/Scheduling assignments for permanent and per diem staff; Certifying per diem time sheets for payment purposes; Responsible for obtaining Replacement Interpreters.  . (Cont next pucy) |

3.  Give the reasons for believing that the salary grade or jurisdictional classification requested in question number 9 is more appropriate than your present salary grade or jurisdictional classification.

   In the past, the duties of this position were shared by 3 employees: 1) Sr. Court Clerk, 1) POA, 1) Ass't Court Analyst. The Ass't Court Analyst position was replaced by the Junior Court Analyst Title.  Both the Senior Court Clerk and POA title were removed to other departments.  The incumbent supervises J.G. 18's & also performs other administerial duties.

IF THE POSITION YOU ARE REQUESTING TO BE REVIEWED IS RECLASSIFIED TO A COMPETITIVE CLASS TITLE, YOU WILL NOT AUTOMATICALLY ACQUIRE PERMANENT STATUS IN THAT TITLE. THE RECLASSIFIED POSITION WILL BE FILLED FROM AN EXISTING APPROPRIATE ELIGIBLE LIST OR, IF NO SUCH LIST IS IN EXISTENCE, A NEW EXAMINATION WILL BE HELD. THE FACT THAT YOU ARE ON SUCH AN ELIGIBLE LIST DOES NOT AUTOMATICALLY ENTITLE YOU THAT TITLE UNLESS YOU ARE REACHABLE ON THE LIST AND THE APPOINTING AUTHORITY IS WILLING TO MAKE THE APPOINTMENT AFTER THE CHANGE IN TITLE IS APPROVED.

14.  I affirm that the information supplied in this request is correct and complete to the best of my knowledge.

_2/20/96_
Date

_Azeza Ayub_
Signature of Applicant

TION OF DUTIES: Describe your work in sufficient detail to give a clear word picture of your job. Describe your duties in
rtance. Use separate paragraphs for each kind of work. The duties should be described as performed by you and not be ab-
the title standard. A request which contains language directly from the title standard will be returned for specific details of the
e position under review. You should indicate WHAT is done, TO WHOM or to WHAT, HOW, and for what PURPOSE.
ple, accepts and examines court documents such as motions, orders, order framing issue, and petitions, applications, subpoena duces
.., to ensure their accuracy, completeness, and legal sufficiency in accordance with applicable rules and statues.) Be specific and detailed
.le. In the column at the left, estimate the percentage of total working time devoted to each duty. Attach additional sheets as necessary.

| % | |
|---|---|
| | II.  Administers the Transcription program for the New York County Court which includes but is not limited to:<br><br>Intermediary between Housing Court and attorneys/public when audio tape listening services are required; Coordinates activities between Housing Court and attorneys/public when transcripts are required; Actively participates in the preparation & administration of the Housing Court's audio tape transcription contract; Compiles information and prepares transcription program reports on a monthly basis; Responsible for the enforcement of control systems with respect to the Housing Court audio tape transcription program for New York County.<br><br>SEE ATTACHED FOR DETAILED DESCRIPTION. |

3.  Give the reasons for believing that the salary grade or jurisdictional classification requested in question number 9 is more appropriate than your present salary grade or jurisdictional classification.

IF THE POSITION YOU ARE REQUESTING TO BE REVIEWED IS RECLASSIFIED TO A COMPETITIVE CLASS TITLE, YOU WILL NOT AUTOMATICALLY ACQUIRE PERMANENT STATUS IN THAT TITLE. THE RECLASSIFIED POSITION WILL BE FILLED FROM AN EXISTING APPROPRIATE ELIGIBLE LIST OR, IF NO SUCH LIST IS IN EXISTENCE, A NEW EXAMINATION WILL BE HELD. THE FACT THAT YOU ARE ON SUCH AN ELIGIBLE LIST DOES NOT AUTOMATICALLY ENTITLE YOU THAT TITLE UNLESS YOU ARE REACHABLE ON THE LIST AND THE APPOINTING AUTHORITY IS WILLING TO MAKE THE APPOINTMENT AFTER THE CHANGE IN TITLE IS APPROVED.

14.  I affirm that the information supplied in this request is correct and complete to the best of my knowledge.

_2/20/96_
Date

_Agenza Ayub_
Signature of Applicant

— 2 —

am respectfully requesting the upgrading of the Junior Court
Analyst Position that is located in the Office of the Clerk
of the County to the position of Court Analyst.  The position
had always been one of Assistant Court Analyst until Ms. Marlene
Wohlers vacated the position, then it was downgraded.  I am
requesting that this position be upgraded to Court Analyst.

Some of the job duties details that are performed by the employee
in this position, which is presently held by Ms. Azeeza Ayub,
include:

Assisting Clerk of County and Deputy Clerk of County with particular
phases of administrative operations:

Monitors and assigns all court interpreters (JG 18), schedules
interpreters according to the needs of the Court.  Correlates
requests for fill-in per diem interpreters when necessary with
Citywide Office and monitors performance for Clerk of County.

Processes all Transcription Requests and Poor Person's Applications.
Notifies litigants as to the status of their applications.
Drafts letters to the Appellate Division regarding transcripts
that need time extensions.  Confers with the Judiciary concerning
these applications.

Interviews and assists al persons requiring transcripts and
tape requests.  Communicates with same on an ongoing basis.
Confers with the Judiciary concerning these applications.

Communicates directly with all contracted transcription companies.

Sets up appointments for tape listening purposes and tape copying.

Assists other court personnel in the compiling of statistics
and inventory information.

Monitors and submits monthly reports regarding all xerox machines.

Maintains and files all statistics reported to the Clerk of
County and assures that copies are submitted to the Chief Clerk.

Assists with minor problems regarding all of the above.

Typing including memorandums, forms, letters, notices, reports,
etc.

Answers all phones and assists with problems.  Responds to
inquiries regarding court operations including judicial scheduling,
parts and locations of personnel, JHO's, etc.

Receives and distributes job announcements.

-2-

Sends out billing statements to various offices for all telephone bills for the entire court, directing payment of bills to Clerk of Court's Office for submission to Citywide Administration and monitors same.

Keeps logs of all State of New York UCS Performance Evaluation System Reports received from supervisors including probationary reviews and orientation reviews and submits same to Peronnel Office.

Assists the District Attorney's Office in pulling case files, ordering and copying Housing Court tapes for review, and general information with sensitive matters, i.e. charges against judicial and non judicial staff.

Assists with time and leave record keeping for the court when needed.

Distributes and monitors the distribution of Security Elevator Cards and reports cancellation of same when necessary.

Demonstrates courts' Tape Recording System to various personnel and outside agencies.

Monitors all outgoing fax transmittals done by other personnel and monitors payments for same.

Consolidates necessary information for supply ordering and assists in submission of same to Citywide Administration.

Receives and submits term reports regarding electronic tape recording usage.

Assigns with notices to judges regarding assignments.

Makes notifications regarding judicial absences.

BE COMPLETED BY CHIEF CLERK OR AGENCY HEAD OR THEIR DESIGNEE.

(1)  Complete all questions in this section, giving reasons for your answers in as much detail as possible.
(2)  Attach an organization chart of the unit to which this position is assigned; this chart should show titles of all positions; the unit with a brief description of the functions (i.e., intake; docketing; security) of each position or group or positions; the incumbent's position should be designated by an asterisk (*). The chart should also show the relationship of this unit to the rest of the court or agency. Attach additional sheets as necessary.

15.  From the instructions on page 1 select the appropriate degree of supervision you exercise over this position. Include example to support your selection.

Direct supervision.  I am the Clerk ofthe County and Azeeza works directly with myself and the Deputy Clerk of theCounty.

16.  How long have the current duties been assigned to this position? Why were these duties assigned to this position? What is the title of the position that performed these duties previously.

The current duties have always been assigned to this position, however they have expanded over the course of the years.  I do not know how the original duties came to become part of this position.  Previously there had been 3 persons assigned to this particular office, an assistant court analyst, a principal offic assistant and a senior court clerk.

17.  How do the duties and responsibilities of this position differ from similarly situated positons under your supervision? Why do you feel these differences justify reclassification of this position and not the other?

The responsibilities of this position are unique because they are located in the Clerk of County's office which is an administerial office.Azeeza is the only employee assigned to these duties.

18.  Do you supervise other positions in the title being requested?_____yes __x x__no. If yes, could the higher level duties indicated to justify this request be reassigned to other positions in an appropriate title? Describe any other actions which you considered as an alternative to assigning these higher level duties to this position and the reason(s) for rejecting these alternatives.

                                   By nature of the duties, Azeeza supervises j.g. 18's and I believe upgrading her position would be appropriate.  Also, in other  borough's many of the same duties are performed by a senior court clerk. However,Azeeza also performs other duties particular to this office.

19.  Do you support this request? Why?

Yes, I do support this request for all of the aforementioned reasons.

20.  I HAVE EXAMINED THE INFORMATION PROVIDED BY THE APPLICANT AND HAVE NO CORRECTIONS, ADDITIONS, OF COMMENTS EXCEPT AS HERE STATED OR ATTACHED. I AM SATISFIED TO HAVE THE POSITION CLASSIFIED ON THE BASIS OF THE INFORMATION GIVEN AND HAVE ATTACHED AN ORGANIZATION CHART OF THE UNIT TO WHICH THIS POSITION IS ASSIGNED.

Date: 2/20/96

Supervisor's Name: Mary Lee Andronaco
(Print)

Signature: M L Andronaco

Title: Clerk of County

— 3 —